UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

October 2, 2013

LETTER TO COUNSEL:

   RE: *Quntae Damar Cash v. Commissioner, Social Security Administration*;
      Civil No. SAG-13-0573

Dear Counsel:

  On February 21, 2013, the Plaintiff, Quntae Damar Cash, petitioned this Court to review the Social Security Administration's final decision to deny his claim for Child's Insurance Benefits. (ECF No. 1). I have considered the parties' cross-motions for summary judgment. (ECF Nos. 13, 15). I find that no hearing is necessary. Local Rule 105.6 (D. Md. 2011). This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed proper legal standards. 42 U.S.C. §§ 405(g), 1383(c)(3); *see Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996) (superseded by statute on other grounds). Under that standard, I will grant the Commissioner's motion and deny Plaintiff's motion. This letter explains my rationale.

  Mr. Cash filed his claim on August 4, 2009, alleging disability beginning on August 30, 1995. (Tr. 100-03). His claim was denied initially on November 17, 2009, and on reconsideration on October 4, 2010. (Tr. 42-45, 48-49). A hearing was held on July 20, 2011 before an Administrative Law Judge ("ALJ"). (Tr. 25-39). Following the hearing, on August 25, 2011, the ALJ determined that Mr. Cash was not disabled during the relevant time frame. (Tr. 9-24). The Appeals Council denied Mr. Cash's request for review, (Tr. 1-6), so the ALJ's decision constitutes the final, reviewable decision of the agency.

  The ALJ found that Mr. Cash suffered from the severe impairments of diabetes, hypertension, depression, and "possible borderline intellectual functioning." (Tr. 14). Despite these impairments, the ALJ determined that Mr. Cash retained the residual functional capacity ("RFC") to:

> [P]erform a full range of work at all exertional levels but with the following nonexertional limitations: In light of the claimant's possible borderline intellectual functioning and some depression, he is mentally limited to jobs with a specific vocational profile of 2 that can be accomplished without interaction with fellow workers.

(Tr. 16). After considering the testimony of a vocational expert ("VE"), the ALJ determined that Mr. Cash could perform jobs that exist in significant numbers in the national economy, and that he was therefore not disabled during the relevant time frame. (Tr. 19-20).

  Mr. Cash argues on appeal that the ALJ failed to consider Listing 12.05 (mental retardation) in assessing his disability, and essentially argues that the ALJ failed to assign

sufficient weight to IQ scores determined by Dr. Phillips. His arguments lack merit.

The evidence considered by the ALJ simply did not require evaluation of Listing 12.05. A claimant bears the burden of demonstrating that his impairment meets or equals a listed impairment. *Kellough v. Heckler,* 785 F.2d 1147, 1152 (4th Cir. 1986). To meet Listing 12.05(B), which is the subsection Mr. Cash contends should have been considered, the claimant must demonstrate "a valid, verbal, performance, or full scale IQ of 59 or less." 20 C.F.R. Part 404, Subpart P, Appendix I, § 12.05(B). An ALJ is required to discuss listed impairments and compare them individually to Listing criteria *only when* there is "ample evidence in the record to support a determination that the claimant's impairment meets or equals one of the listed impairments." *Ketcher v. Apfel,* 68 F.Supp.2d 629, 645 (D. Md. 1999).

Mr. Cash cites the IQ testing performed by consultative examiner Dr. Phillips as the "ample evidence" to support evaluation of Listing 12.05(B). Pl. Mot. 6. However, it is evident from the ALJ's analysis that he did not consider Dr. Phillips's testing results to be "valid." (Tr. 17); *see Hancock v. Astrue*, 667 F.3d 470, 474 (4th Cir. 2012) (determining that an ALJ is permitted to discredit an IQ score where the evidence suggests its invalidity, even where it is the only score in the record). As the ALJ noted, "Dr. Phillips questioned the validity of the claimant's scores and noted they may represent low estimates (Exhibit 8F). Significantly, the documentary evidence indicates that in 2008, claimant obtained [sic] Full Scale IQ Score of 83 (Exhibit 11F), which serves to bolster Dr. Phillips [sic] concern that the claimant's lower score is inaccurate." (Tr. 17). The ALJ further noted that in a consultative examination with Dr. Sajadi, Mr. Cash reported that he "was able to read and do simple calculations." *Id.* The ALJ assigned "greater weight" to the opinion of Mr. Cash's long-time treating physician, Dr. Smith, who opined that Mr. Cash "has no known disability, which would prevent work activity in any capacity." (Tr. 19). Finally, the ALJ made a well-supported adverse credibility finding, (Tr. 18), which suggests an exaggeration of symptoms that could explain the inconclusive findings by Dr. Phillips. In light of substantial evidence supporting a rejection of the IQ score determined by Dr. Phillips, the record does not contain "ample evidence" to require the ALJ to identify and evaluate Listing 12.05(B). Remand is therefore unwarranted.

For the reasons set forth herein, Plaintiff's motion for summary judgment, (ECF No. 13), will be DENIED, and the Commissioner's motion for summary judgment, (ECF No. 15), will be GRANTED. The Clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion. An implementing Order follows.

                                        Sincerely yours,

                                        /s/

                                        Stephanie A. Gallagher
                                        United States Magistrate Judge